IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RENAISSANCE RANCH OUTPATIENT TREATMENT, INC., <br><br> Plaintiff, <br> v. <br><br> GOLDEN RULE INSURANCE COMPANY, UNITED HEALTHCARE SERVICES, INC., UNITEDHEALTHCARE OF UTAH, INC., and UNITED HEALTHCARE LIFE INSURANCE COMPANY, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** <br><br><br> Case No. 2:16-cv-00872-DN <br><br> District Judge David Nuffer |

Plaintiff Renaissance Ranch Outpatient Treatment, Inc. ("Renaissance"), as an assignee of many of its patients who were treated for drug and alcohol addictions, sues various insurers for failure to pay claims for treatment.[1] The insurers moved to dismiss many claims as to many patients.[2] This order grants the Motion to Dismiss in large part.

---

[1] Complaint, docket no. 2, filed Aug. 11, 2016.

[2] Defendants' Motion to Dismiss; Supporting Memorandum ("Motion to Dismiss"), docket no. 11, filed Oct. 13, 2016.

**Contents**

BACKGROUND ............................................................................................................................ 2
    Overview of Complaint ...................................................................................................... 2
    Motion to Dismiss .............................................................................................................. 3
    Overview of Disposition .................................................................................................... 4
    Factual Background ........................................................................................................... 4
DISCUSSION ............................................................................................................................. 5
    Renaissance's state-law causes of action, Claims 1-7, for patients having plans that are governed by ERISA, are preempted by ERISA ......................................................... 7
    This court has no jurisdiction of state-law causes of action, Claims 1-7, for patients having plans not governed by ERISA ........................................................................... 8
    Claims 8-9 fail to state a claim for Renaissance's patients having plans not subject to ERISA ......................................................................................................................... 10
    Claim 8, alleging breach of fiduciary duty under ERISA fails as a matter of law .......... 11
    Renaissance sufficiently alleges its standing to sue under ERISA, Claim 9, for its patients having plans governed by ERISA and who it provided a written AOB ..................... 13
CONCLUSION ......................................................................................................................... 14
ORDER ..................................................................................................................................... 16

## BACKGROUND

### Overview of Complaint

Renaissance's Complaint alleges nine causes of action.

**Claims for Relief**
1 - Breach of Contract
2 - Breach of Implied Covenant of Good Faith
3 - Unjust Enrichment, Quasi Contract, Quantum Meruit
4 - Fraud
5 - Negligent Misrepresentation
6 - Negligent Misrepresentation
7 - Declaratory Judgment
8 - ERISA Breach of Fiduciary Duties
9 - ERISA Benefits

Claims 1-7 allege state-law causes of action,[3] while Claims 8-9 are pleaded under the

Employment Retirement Income Security Act of 1974 ("ERISA").[4] The Complaint seeks

---

[3] Complaint ¶¶ 49-100.

[4] *Id*. ¶¶ 101-114.

recovery of the denied benefits claims for 28 of its patients,[5] but in subsequent briefing, Renaissance increased the number of its patients to 36.[6] Patients 1-23 have plans that are governed by ERISA; patients 24-36 have plans that are not governed by ERISA.[7]

## Motion to Dismiss

Defendants Golden Rule Insurance Company ("Golden Rule"), United Healthcare Services, Inc. ("UHS"), United Healthcare of Utah, Inc. ("UHU"), and United Healthcare Life Insurance Company ("UHLIC"), are referred to collectively "United." United's Motion to Dismiss argues that Renaissance's state-law causes of action are preempted by ERISA; that these pendent state-law causes of action should be dismissed for lack of subject-matter jurisdiction; that Renaissance lacks standing to sue under the ERISA; and that Renaissance has failed to state a claim under ERISA for breach of fiduciary duty.[8]

Renaissance responded that its state-law causes of action are not preempted by ERISA because these state-law causes of action apply only to its patients' plans that are not governed by ERISA; that subject-matter jurisdiction over its state-law causes of action exists because these causes of action form part of the same case or controversy as its ERISA causes of action; that it has standing to sue under ERISA as an assignee of its patients; and that it has sufficiently pleaded a cause of action under ERISA for breach of fiduciary duty.[9]

---

[5] *Id.* ¶¶ 35, 42.

[6] Joint Submission in Response to the Court's March 6, 2017 Order [Docket #15] ("Joint Brief") at 1, docket no. 21, filed Apr. 14, 2017.

[7] *Id.* at 2-3.

[8] *See also* Defendants' Reply Memorandum in Support of Motion to Dismiss ("Reply"), docket no. 13, filed Nov. 28, 2016.

[9] Memorandum in Opposition to Motion to Dismiss ("Opposition"), docket no. 12, filed Nov. 10, 2016.

**Overview of Disposition**

United's Motion to Dismiss is GRANTED in part because:

- Renaissance's state-law causes of action, Claims 1 7, are preempted by ERISA for Renaissance's patients having plans that are governed by ERISA;

- subject-matter jurisdiction over Renaissance's state-law causes of action, Claims 1-7, is lacking;

- Renaissance's ERISA causes of action, Claims 8-9, fail to state a claim for Renaissance's patients having plans not subject to ERISA;

- Renaissance failed to establish its standing to sue under ERISA for some patients by failing to show a written assignment of benefits ("AOB"), as would be required to state ERISA claims; and

- Renaissance's cause of action for breach of fiduciary duty under ERISA, Claim 8, fails as a matter of law.

However, because Renaissance sufficiently pleaded its standing to sue under ERISA for its patients having plans governed by ERISA and who it provided an AOB, the Motion to Dismiss is DENIED in part.

**Factual Background**

**Parties' Roles:** Renaissance is a Utah corporation that provides services as an outpatient substance abuse treatment facility that specializes in treating patients with drug and alcohol addictions.[10] Golden Rule is an Indiana corporation that provides health and welfare benefit plans to individuals, including Utah residents, under the UnitedHealth Group global brand.[11] UHS is a Minnesota corporation, UHLIC is a Wisconsin corporation, and UHU is a Utah corporation, all of which are subsidiaries of the UnitedHealth Group and administer employee

---

[10] Complaint ¶ 14.

[11] *Id.* ¶ 16.

health and welfare benefit plans to Utah residents.[12] Renaissance is an out-of-network provider for United.[13]

**Assignments of Benefits:** Renaissance has a practice of receiving an AOB from each patient it treats.[14] The AOBs gives Renaissance the right to all benefits under its patients' plans.[15] Prior to treating its patients Renaissance verifies, through a third-party medical billing company, whether the patients' plans will cover Renaissance's services.[16]

**Dispute Arises:** Beginning in the spring of 2015, United began denying all new claims for benefits submitted by Renaissance for the treatment of its patients.[17] In subsequent months, Renaissance attempted to work with United to determine the cause of the denials, but was unsuccessful.[18] Renaissance alleges that, to date, United owes $1,952,244.50 in wrongfully denied claims for benefits.[19]

## DISCUSSION

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[20] When considering a motion to dismiss for failure to state a claim, the thrust of all

---

[12] *Id.* ¶ 15.

[13] *Id.* ¶ 18.

[14] *Id.* ¶ 19.

[15] *See e.g.* Exhibit C to Complaint, docket no. 2-5, filed Aug. 11, 2016.

[16] Complaint ¶ 20.

[17] *Id.* ¶¶ 24-25; *see also* Exhibit E to Complaint, docket no. 2-7, filed Aug. 11, 2016.

[18] Complaint ¶¶ 24-47.

[19] *Id.* ¶¶ 41, 48.

[20] *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

well-pleaded facts is presumed, but conclusory allegations need not be considered.[21] And the complaint's legal conclusions and opinions are not accepted, even if they are couched as facts.[22]

Where United's Motion to Dismiss challenges federal subject-matter jurisdiction over causes of action, Renaissance has the burden of establishing jurisdiction.[23] Subject-matter jurisdiction can be established through diversity jurisdiction,[24] federal question jurisdiction,[25] and supplemental jurisdiction.[26] Renaissance must also establish its standing to sue.[27] To aid in the determination of these issues, supplemental briefing was requested from the parties.[28] The supplemental briefing included identification of the patients from which Renaissance received a written AOB, and identification of patients' plans governed by ERISA.[29]

The review and consideration of these supplemental materials to determine subject-matter jurisdiction and standing does not convert United's Motion to Dismiss into one for summary judgment.[30] "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)" to resolve a factual attack on subject-matter jurisdiction.[31] When ruling on a motion to dismiss an ERISA claim under Rule 12(b)(6), benefits plans and other documents, if they are "referred to in the

---

[21] *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[22] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); s*ee also Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[23] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[24] 28 U.S.C. § 1332.

[25] *Id*. § 1331.

[26] *Id.* § 1367; *see also McDonald v. Nationwide Title Clearing, Inc.*, 661 Fed. App'x 518, 520-21 (10th Cir. 2016).

[27] *Yarbary v. Martin*, 643 Fed. App'x 813, 816 (10th Cir. 2016).

[28] Order for Supplemental Briefing, docket no. 15, filed Mar. 6, 2017.

[29] Joint Brief at 1-3.

[30] *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

[31] *Id.*

complaint" and are "central to the plaintiff's claim" may be considered without converting the motion into one for summary judgment.[32]

### Renaissance's state-law causes of action, Claims 1-7, for patients having plans that are governed by ERISA, are preempted by ERISA

United argues that Claims 1-7 are preempted by ERISA.[33] The Supreme Court has held that Congress intended to make ERISA "exclusively a federal concern."[34]

> When a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed. This is so because when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state-law, is in reality based on federal law. ERISA is one of these statutes … Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy … is therefore pre-empted.[35]

Therefore, to the extent that as Renaissance's state-law causes of action, Claims 1-7, seek to recover unpaid benefits under plans that are governed by ERISA, they are preempted by ERISA. The parties' supplemental briefing identified patients 1-23 as having plans governed by ERISA.[36] Therefore, United's Motion to Dismiss is GRANTED as to Claims 1-7 for patients 1-23.

However, to the extent that Claims 1-7 relate to patients 24-36 whose plans are not governed by ERISA, those claims are not preempted. Nevertheless, this does not mean that Claims 1-7 for patients 24-36 survive dismissal.

---

[32] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[33] Motion to Dismiss at 1-4; Reply at 3.

[34] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (internal quotations omitted).

[35] *Id.* at 207-08 (internal citations and quotations omitted).

[36] Joint Brief at 2-3.

## This court has no jurisdiction of state-law causes of action, Claims 1-7, for patients having plans not governed by ERISA

United argues that diversity jurisdiction is lacking and any pendent state-law causes of action of Renaissance, which at this point relate only to patients having plans not covered by ERISA, should be dismissed for lack of subject-matter jurisdiction.[37] Renaissance's Claims 1-7 are state-law causes of action[38] that are not governed by a federal question. Therefore, if diversity jurisdiction or supplemental jurisdiction are absent, the court has no jurisdiction over these claims.[39]

Diversity jurisdiction exists when the parties of a civil action are "citizens of different States."[40] The Supreme Court has interpreted this to require "complete diversity between all plaintiffs and defendants."[41] Further, corporations "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."[42]

Complete diversity is lacking on Claims 1-7 for patients having plans not governed by ERISA. Renaissance alleges that UHU "is a Utah corporation that maintains its principal place of business in Salt Lake County, Utah."[43] Renaissance also alleges that it is "a Utah corporation that maintains its principal place of business in Salt Lake County, Utah."[44] Therefore, because Renaissance and UHU are both citizens of Utah, diversity jurisdiction cannot be used to establish subject-matter jurisdiction over Claims 1-7 for Renaissance's patients having plans not governed

---

[37] Motion to Dismiss at 9-11; Reply at 3.

[38] Complaint ¶¶ 49-100.

[39] 28 U.S.C. §§ 1331, 1332, 1367; *see also McDonald*, 661 Fed. App'x at 520-21.

[40] 28 U.S.C. § 1332(a)(1).

[41] *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005).

[42] 28 U.S.C. § 1332(c)(1).

[43] Complaint ¶ 6.

[44] *Id.* ¶ 1.

by ERISA. Accordingly, if Claims 1-7 (now for patients whose plans are not governed by ERISA) are to remain federal court it could only be through supplemental jurisdiction.[45]

District courts may exercise supplemental jurisdiction over pendent causes of action lacking diversity or federal question jurisdiction when the causes of action "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[46] "A claim is part of the same case or controversy if it 'derives from a common nucleus of operative fact.'"[47] Moreover, "the Supreme Court repeatedly has determined that supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion."[48]

Patients 24-36 have plans not governed by ERISA.[49] These patients presumably had differing diagnoses and treatments at Renaissance. They also have plans containing differing terms and provisions under which benefits are authorized, and benefits claims are made, reviewed, and approved or denied.[50] Additionally, Renaissance's communication and interaction with Golden Rule was separate from its attempts to work with UHS, UHU, and UHLIC regarding the denials of benefits claims.[51] And each of patients 24-36's benefits claims will have a distinct procedural history and administrative record that must be reviewed to determine the propriety of United's denials of each patient's benefits claim. Likewise, the benefits claims of

---

[45] 28 U.S.C. §§ 1331, 1332, 1367; *see also McDonald*, 661 Fed. App'x at 520-21.

[46] 28 U.S.C. § 1367(a).

[47] *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 552 U.S. 156, 165 (1997)).

[48] *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) (citing *City of Chicago*, 522 U.S. at 173).

[49] Joint Brief at 2-3.

[50] Exhibit A to Joint Brief, docket no. 21-1, filed Apr. 14, 2017.

[51] Complaint at 10.

patients 1-23 having ERISA-governed plans[52] (under other causes of action) will have a distinct procedural history and administrative record that must be reviewed to determine the propriety of United's denials of each patient's benefits claim.

Under these circumstances, each patients 24-36's benefits claims has its own "nucleus of operative fact"[53] that is unique to the specific treatment of the patient, the particular benefits allowed by the patient's plan, and the plan's procedures for making benefits claims and internal appeals of adverse benefits determinations. Because of the singular nature of each patient's benefits claim, Renaissance's Claims 1-7 are not part of the same case or controversy as its causes of action under ERISA. Therefore, supplemental jurisdiction will not be exercised over Claims 1-7 for Renaissance's patients having plans not governed by ERISA. United's Motion to Dismiss is GRANTED as to Claims 1-7 for patients 24-36. However, this dismissal is without prejudice to refiling in an appropriate forum.

### Claims 8-9 fail to state a claim for Renaissance's patients having plans not subject to ERISA

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[54] A cause of action arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[55]

Claims 8-9 purport to be claims under Sections 502(a)(1)(B) and 502(a)(3)(B) of ERISA. Those sections do create private causes of action and establish federal question jurisdiction for

---

[52] Joint Brief at 2-3.

[53] *Price*, 608 F.3d at 703 (quoting *City of Chicago*, 552 U.S. at 165).

[54] 28 U.S.C. § 1331.

[55] *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 462 U.S. 1, 27-28 (1983).

10

Renaissance's Claims 8-9.[56] However, these private causes of action apply only to plans that are governed by ERISA.[57] The parties' supplemental briefing establishes that patients 1-23 have plans governed by ERISA,[58] and patients 24-36 do not.[59]

The portions of Claims 8-9 which relate to patients 24-36 whose plans are not governed by ERISA fail to state a claim on which relief may be granted. Therefore, United's Motion to Dismiss is GRANTED as to Claims 8-9 for patients 24-36. This dismissal is with prejudice.

## Claim 8, alleging breach of fiduciary duty
## under ERISA fails as a matter of law

United argues that Claim 8, Renaissance's cause of action for breach of fiduciary duty under ERISA § 502(a)(3), fails as a matter of law because it is duplicative of Claim 9 for benefits under ERISA § 502(a)(1)(B), and because individual relief is not available for a breach of fiduciary duty under ERISA § 502(a)(3).[60]

The Supreme Court has recognized that "[t]he words of [ERISA § 502(a)](3) — 'appropriate equitable relief' to 'redress' any 'act or practice which violates any provision of this title' — are broad enough to cover individual relief for breach of a fiduciary obligation."[61] However, the Supreme Court also recognized that "in fashioning 'appropriate' equitable relief, [courts must] keep in mind the special nature and purpose of employee benefit plans, and [give] respect to the policy choices reflected in the inclusion of certain remedies and the exclusion of others."[62] Therefore, "where Congress elsewhere provided adequate relief for a beneficiary's

---

[56] 29 U.S.C. §§ 1132(a)(1)(B), (3)(B).

[57] *Id*. § 1003.

[58] Joint Brief at 2-3.

[59] *Id.*

[60] Motion to Dismiss at 7-9; Reply at 9-10.

[61] *Varity Corp. v. Howe*, 516 U.S. 489, 510 (1996).

[62] *Id*. at 515 (internal quotations omitted).

11

injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"[63]

The Tenth Circuit Court of Appeals applied this guidance in a case where "improperly denying, de facto, benefits under [a] plan[,]" was the alleged injury caused by an ERISA breach of fiduciary duty.[64] The court held that "consideration of a claim under [ERISA § 502](a)(3) is improper when [the plaintiff] states a cognizable claim under [ERISA § 502](a)(1)(B)[.]"[65] This is because ERISA § 502(a)(1)(B) already "provides adequate relief for [the] alleged … injury."[66] Therefore, "[d]ismissal of the [ERISA § 502](a)(3) claim was proper as a matter of law."[67]

Renaissance argues that it asserted a cause of action for breach of fiduciary duty under ERISA § 502(a)(3) "solely to ensure appropriate equitable relief for injuries caused by violations that ERISA does not elsewhere adequately remedy."[68] Claim 8 requests relief in the form of "an accounting and other equitable relief available to redress [United]'s violations of their obligations under [United]'s Plans and ERISA."[69] However, the only injury alleged in Claim 8 is the improper denial and delay of payments on the patients' benefits claims.[70] Because Claim 9, as to patients with ERISA-governed plans, asserts a cognizable cause of action for the denial of benefits under ERISA § 502(a)(1)(B),[71] adequate relief is available for Renaissance's alleged injury and the claims of patients having plans governed by ERISA do not need further equitable

---

[63] *Id*.

[64] *Lefler v. United Healthcare of Utah, Inc.*, 72 Fed. App'x 818, 826 (10th Cir. 2003).

[65] *Id*.

[66] *Id*.

[67] *Id*.

[68] Opposition at 16.

[69] Complaint ¶ 102.

[70] *Id*. ¶¶ 105, 107.

[71] *Id*. ¶¶ 108-114.

relief under Claim 8.[72] Therefore, dismissal with prejudice of Renaissance's cause of action for breach of fiduciary duty under ERISA is proper.[73] United's Motion to Dismiss is GRANTED as to Claim 8.

### Renaissance sufficiently alleges its standing to sue under ERISA, Claim 9, for its patients having plans governed by ERISA and who it provided a written AOB

United challenges Renaissance's standing to sue under ERISA.[74] "In the ERISA context, civil suits may only be filed 'by a participant or beneficiary' of an ERISA plan 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'"[75] This means that healthcare providers, such as Renaissance, "generally are not considered beneficiaries or participants under ERISA and thus lack standing to sue unless they have a written assignment of claims from a patient with standing to sue under ERISA."[76]

In the parties' supplemental briefing, Renaissance identified and provided written AOBs for 20 of its patients having plans governed by ERISA—patients 1-2, 4-13, 15-17, and 19-23.[77] The allegations within Renaissance's Complaint[78] and the submission of these AOBs are sufficient to defeat United's challenge to Renaissance's standing under the standard of review for

---

[72] *Lefler*, 72 Fed. App'x at 826.

[73] *Id*.

[74] Motion to Dismiss at 4-6; Reply at 4-8.

[75] *Yarbary*, 643 Fed. App'x at 816 (quoting 29 U.S.C. § 1132(a)(1)).

[76] *Denver Health and Hosp. Auth. v. Beverage Distrib. Co., LLC*, 546 Fed. App'x 742, 745 (10th Cir. 2013) (internal citation omitted).

[77] Joint Brief at 2-3.

[78] Complaint ¶¶ 18-23, 35, 42; Joint Brief at 2-3; Exhibit A to Joint Brief.

a motion to dismiss.[79] Therefore, as to Renaissance's standing to assert Claim 9 for patients 1-2, 4-13, 15-17, and 19-23, United's Motion to Dismiss is DENIED.[80]

However, no written AOBs were identified or provided for three of Renaissance's patients having plans governed by ERISA—patients 3, 14, and 18.[81] Therefore, Renaissance has failed to allege sufficient facts or present evidence demonstrating its standing to sue under ERISA for these patients. United's Motion to Dismiss is GRANTED as to Claim 9 for patients 3, 14, and 18. This dismissal is without prejudice.

## CONCLUSION

Because Renaissance's state-law causes of action, Claims 1-7, are preempted by ERISA for Renaissance's patients having plans that are governed by ERISA,[82] United's Motion to Dismiss is GRANTED as to Claims 1-7 for patients 1-23. Claims 1-7 for patients 1-23 are DISMISSED with prejudice.

Because Renaissance's state-law causes of action, Claims 1-7, for its patients having plans not governed by ERISA have no federal question, lack complete diversity, and supplemental jurisdiction will not be exercised,[83] United's Motion to Dismiss is GRANTED as to Claims 1-7 for patients 24-36. Renaissance's Claims 1-7 for patients 24-36 are DISMISSED without prejudice to their refiling in an appropriate forum.

---

[79] *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[80] United challenged the validity of Renaissance's AOBs, citing to anti-assignment provisions in the patients' plans. Motion to Dismiss at 5, docket no. 11, filed Oct. 13, 2016; Reply at 4-8, docket no. 13, filed Nov. 28, 2016. However, Renaissance countered by arguing that the anti-assignment provisions are not enforceable because United waived them and is estopped from relying on them through making partial payments to Renaissance. Opposition at 13-14. Because determining these issues will involve fact-intensive inquiries into each plan and each AOB, and the parties' conduct, these issues are more appropriately resolved on summary judgment or at trial and will not be addressed in this Memorandum Decision and Order.

[81] Joint Brief at 2-3.

[82] *Supra* at 7.

[83] *Supra* at 8-10.

Because Renaissance's ERISA causes of action, Claims 8-9, fail to state a claim on which relief may be granted for Renaissance's patients having plans not governed by ERISA,[84] United's Motion to Dismiss is GRANTED as to Claims 8-9 for patients 24-36. Claims 8-9 for patients 24-36 are DISMISSED with prejudice.

Because Renaissance's cause of action for breach of fiduciary duty under ERISA, Claim 8, fails as a matter of law,[85] United's Motion to Dismiss is GRANTED as to Claim 8. Claim 8 is DISMISSED with prejudice.

Because Renaissance sufficiently alleges its standing to sue under ERISA, Claim 9, for its patients having plans governed by ERISA and who provided it a written AOB,[86] United's Motion to Dismiss is DENIED as to Renaissance's standing to assert Claim 9 for patients 1-2, 4-13, 15-17, and 19-23.

Because Renaissance failed to establish its standing to sue under ERISA, Claim 9, for its patients having plans governed by ERISA that did not provide it a written AOB,[87] United's Motion to Dismiss is GRANTED as to Claims 8-9 for patients 3, 14, and 18. Claims 8-9 for patients 3, 14, and 18 are DISMISSED without prejudice.

Therefore, the only remaining claims in this case are those stated in Renaissance's Claim 9 for patients 1-2, 4-13, 15-17, and 19-23. For sake of clarity moving forward, Renaissance is directed to file an amended complaint within 14 days that is consistent with this Memorandum Decision and Order, and which adequately identifies each patient, each patient's

---

[84] *Supra* at 10-11.

[85] *Supra* at 11-13.

[86] *Supra* at 13-14.

[87] *Id*.

plan, the AOB provided by each patient, and the amount of each patient's alleged improperly denied benefits claims.

Additionally, because of the singular nature of the treatment each patient received from Renaissance, the benefits allowed by each patient's plan, each plan's procedures for making benefits claims and internal appeals of adverse benefits determinations, and each patient's administrative record,[88] the parties must meet and confer to develop a case schedule, including appropriate treatment for the highly individualized remaining claims and whether mediation will be beneficial. On or before July 14, 2017, the parties shall file an attorneys' planning meeting report and submit a proposed scheduling order as outlined at http://www.utd.uscourts.gov/attorney-planning-meeting-and-report.

## ORDER

IT IS HEREBY ORDERED that United's Motion to Dismiss[89] is GRANTED in part and DENIED in part as follows:

(1)     GRANTED as to Claims 1-7 for patients 1-23. Claims 1-7 for patients 1-23 are DISMISSED with prejudice.

(2)     GRANTED as to Claims 1-7 for patients 24-36. Claims 1-7 for patients 24-36 are DISMISSED without prejudice to their refiling in an appropriate forum.

(3)     GRANTED as to Claims 8-9 for patients 24-36. Claims 8-9 for patients 24-36 are DISMISSED with prejudice.

(4)     GRANTED as to Claim 8. Claim 8 is DISMISSED with prejudice.

---

[88] *Supra* at 9.

[89] Docket no. 11, filed Oct. 13, 2016.

(5) DENIED as to Renaissance's standing to assert Claim 9 for patients 1-2, 4-13, 15-17, and 19-23.

(6) GRANTED as to Claim 9 for patients 3, 14, and 18. Claim 9 for patients 3, 14, and 18 is DISMISSED without prejudice.

IT IS FURTHER HEREBY ORDERED that within 14 days after the entry of this Memorandum Decision and Order, Renaissance shall file an amended complaint consistent with this Memorandum Decision and Order.

IT IS FURTHER HEREBY ORDERED that the parties must meet and confer to develop a case schedule including appropriate treatment for the remaining claims and whether mediation will be beneficial. On or before July 14, 2017, the parties shall file an attorneys' planning meeting report and submit a proposed scheduling order as outlined at http://www.utd.uscourts.gov/attorney-planning-meeting-and-report.

Signed June 20, 2017.

BY THE COURT

David Nuffer
United States District Judge